THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>TYRELL LEE BALIBARDIN,<br><br>                    Defendant. | CR-13-95-GF-BMM<br><br>**ORDER** |

Defendant Tyrell Lee Balibardin has moved for early termination of his current term of supervised release. (Doc. 93.) The Court conducted a hearing on the motion on January 17, 2024. (Doc. 96.) The Government took no position as to the motion and deferred to the discretion of the Court. (Doc. 93 at 2.) The Court advised Balibardin at the hearing that the Court would grant Balibardin's motion on February 17, 2024, if Balibardin remained violation free.

Balibardin pleaded guilty to Sexual Abuse of a Minor in violation of 18 U.S.C. §§ 1153(a), 2243(a). (Doc. 26; Doc. 29, Doc. 32.) The Court sentenced Balibardin to the custody of the Bureau of Prisons on March 18, 2014, for a term of 30 months. (Doc. 40.) The Court further sentenced Balibardin to five years of supervised release following his release from custody. (*Id.*) Balibardin began his first term of supervised release on February 12, 2016. (Doc. 46 at 2.) The Court extended

1

Balibardin's supervised release for 12 months due to violations. (Doc. 68.) The Court revoked Balibardin's supervised release on January 12, 2021, and sentenced Balibardin to the custody of the BOP for 4 months with 36 months of supervised release to follow. (Doc. 81.) Balibardin began his current term of supervised release on April 20, 2021. (Doc. 94 at 2.)

Federal law authorizes a defendant to move for termination of his supervised release after successfully completing one year if the Court is satisfied that such action remains "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The Court must consider the factors in 18 U.S.C. § 3553(a) when evaluating whether to terminate a term of supervised release.

Balibardin has completed approximately two years and ten months, or 94%, of his term of supervised release. His current term of supervision is set to expire on April 19, 2024. (Doc. 94 at 2.) Balibardin acknowledges that he struggled initially when on supervised release but notes that he has been compliant and law-abiding throughout his current term of supervision except for one incident in May of 2021. (*Id.* at 2–3.) In that incident, Balibardin, without the permission of his probation officer, was in possession of a Smart TV that was accessing the internet. (Doc. 84 at 3.)

The Court finds that the factors in 18 U.S.C. § 3553(a) support an early termination of Balibardin's supervised release. Balibardin has completed sex

offender treatment. He has been under supervision for nearly eight years. Despite struggling to maintain compliance with his conditions of supervised release during the first several years, Balibardin has not had any violations for nearly three years. Adequate deterrence appears to have been achieved, and supervision does not appear necessary to protect the public from further criminal behavior by Balibardin. Balibardin has received correctional programming, as evidenced by his completion of sex offender treatment. The early termination of Balibardin's supervised release comports with the § 3553(a) factors and proves "warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e).

Accordingly, **IT IS HEREBY ORDERED** that Balibardin's Motion for Early Termination of Supervised Release (Doc. 93) is **GRANTED**.

DATED this 20th day of February, 2024.

_____
Brian Morris, Chief District Judge
United States District Court